NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 11-4428

———————

RANDY SHREY;
JANETE SHREY,
Appellants

v.

GREGORY FORESMAN

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-11-cv-01671)
District Judge: Honorable William W. Caldwell

———————

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2012

Before:  RENDELL, FUENTES and CHAGARES, Circuit Judges

(Opinion Filed:  November 20, 2012)

———————

OPINION OF THE COURT

———————

RENDELL, Circuit Judge.

Randy and Janete Shrey, residents of Williamsport, Pennsylvania, the host city of

the Little League World Series, appeal from the District Court's order granting

summary judgment in favor of Defendant Gregory Foresman, Chief of the

Williamsport Bureau of Police, and against Plaintiffs. In their § 1983 action, Plaintiffs

had alleged that their civil rights were violated by the Williamsport Police

Department's confiscation of certain pins designed and sold by Plaintiffs that bore the

logos of both the Little League and the Willamsport Police Department in July 2008.

Defendant urged that the claim was barred by the applicable statute of limitations, and

moved to dismiss on that ground. The District Court converted Defendant's filing into

a motion for summary judgment and agreed, granting judgment in favor of Defendant.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We

have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a

district court's grant of summary judgment. *Reichley v. Pa. Dep't of Agric.*, 427 F.3d

236, 244 (3d Cir. 2005). For the reasons that follow, we will affirm the District

Court's holding.

Plaintiffs alleged that Defendant conspired with Captain Raymond Kontz, III, of

the Williamsport Police Department, in July 2008 to seize Plaintiffs' pins.

Approximately one year prior to filing the present suit, Plaintiffs filed suit against

Captain Kontz based on the same series of facts and circumstances alleged against

Defendant.[1]

---

[1] That case has been stayed pending resolution of the present appeal. *See* 4:10-cv-01420-WWC.

As a general matter, state law applies to § 1983 claims when determining the appropriate statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 265 (1985). Plaintiffs and Defendant agree that the relevant statute of limitations is the Pennsylvania statute of limitations for personal injury actions, which is two years. *See* Pa. C.S. § 5524(7). Furthermore, the filing deadline for a civil rights conspiracy claim "runs from each overt act causing damage." *Wells v. Rockefeller*, 728 F.2d 209, 217 (3d Cir. 1984). Plaintiffs allege that Defendant committed acts in furtherance of the conspiracy in July 2008. However, Plaintiffs filed suit against Defendant on September 1, 2011, well beyond the two year statute of limitations prescribed by Pennsylvania law.

Plaintiffs urged that the two year statute of limitations should be tolled due to Defendant's fraudulent concealment of his involvement in the conduct claimed by Plaintiffs. A defendant may be estopped from asserting a statute of limitations defense "if, through fraud, deception or concealment of facts, a [defendant] lulls an injured person or his representatives into a sense of security so that such person's vigilance is relaxed." *Vojtasek v. Diocese of Allentown*, 916 A.2d 637, 640 (Pa. Super. 2006) (citation omitted). To invoke the doctrine of fraudulent concealment, a plaintiff bears the burden of demonstrating (1) "active misleading" by the defendant, (2) which prevents him from recognizing the validity of his claim within the limitations period, and (3) that his ignorance is not attributable to his lack of "reasonable due diligence in attempting to uncover the relevant facts." *Mathews v. Kidder, Peabody & Co.*, 260

3

F.3d 239, 256 (3d Cir. 2001) (quoting *Forbes v. Eagleson*, 228 F.3d 471, 486-88 (3d Cir. 2000)). Plaintiffs claim that they only became aware of Defendant's involvement in their claim when Defendant was deposed in connection with Plaintiffs' suit against Captain Kontz in May 2011.

We agree with the District Court's conclusion that Plaintiffs have failed to produce sufficient evident to support fraudulent concealment. Specifically, Plaintiffs failed to produce evidence of an affirmative act on the part of Defendant that constitutes "active misleading." Although Plaintiffs allege that Defendant fabricated the fact that the Little League complained about the sale of the pins and then concealed his involvement by failing to create a police report or a property receipt for the seizure of the pins, the record simply does not support those allegations. Furthermore, as the District Court found, Plaintiffs failed to exercise reasonable diligence in inquiring about the role of other police officers in the confiscation of the pins.

Thus, the statute of limitations was not tolled by the doctrine of fraudulent concealment, and expired prior to the filing of the present suit. Accordingly, we will affirm the District Court's grant of summary judgment for Defendant.